**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-19-0000599**
**16-JUN-2020**
**07:49 AM**

NO. CAAP-19-0000599

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MAKOA K.F. WILSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-18-0001593)

SUMMARY DISPOSITION ORDER
(By:  Chan, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Makoa K.F. Wilson (**Wilson**) appeals from the "Order Denying Defendant's Second HRPP Rule 35 Motion for Reduction of Sentence" (**Order**) entered by the Circuit Court of the First Circuit[1] on July 25, 2019.  For the reasons explained below, we affirm the Order.

On December 12, 2017, in a related case, a grand jury indicted Wilson for Robbery in the First Degree.[2]  A bench warrant was issued.  He was arrested on March 20, 2018, and confined in the Oahu Community Correctional Center.  His motion for supervised release was granted on July 24, 2018, and he was released to his mother.[3]  He violated the terms of supervised release.  A warrant for his arrest was issued on August 29, 2018.

---

[1]     The Honorable Todd W. Eddins presided.

[2]     We take judicial notice, pursuant to Rule 201 of the Hawaii Rules of Evidence, of the case file for State v. Wilson, 1CPC-17-0001729, Circuit Court of the First Circuit, State of Hawai'i.

[3]     The Honorable Todd W. Eddins presided and signed the order.

On October 9, 2018, a Honolulu Police Department patrol officer spotted a minivan that was described in an all points broadcast concerning a burglary in progress involving three armed males. The minivan was parked in a parking lot. The officer approached the minivan, recognized Wilson sitting in the driver's seat, and was aware of Wilson's outstanding warrant. The officer saw Wilson reach down and toss a silver revolver toward the rear of the minivan. The officer arrested Wilson and recovered the gun, which was loaded with six rounds.

On October 11, 2018, Wilson was charged with (1) Place to Keep Pistol or Revolver, in violation of Hawaii Revised Statutes (**HRS**) § 134-25; and (2) Ownership or Possession Prohibited of Any Firearm or Ammunition by a Person Indicted for Certain Crimes, in violation of HRS § 134-7(b) and (h). The felony information alleged that Wilson may be subject to sentencing in accordance with HRS §§ 706-661 and 706-662(4)(a) by reason of being sentenced for two or more felonies, and that an extended term of imprisonment may be necessary for the protection of the public. On January 11, 2019, Wilson pled no contest to each charge.

Wilson's sentencing hearing took place on March 29, 2019. The State requested an indeterminate 10-year term for possessing a firearm while under indictment and attempting to rob two illegal gambling rooms. Before imposing sentence the circuit court heard Wilson's allocution and testimony from Wilson's father, Elua Henry Wilson:

> I would like to say that I ask the Court that please give my son a second chance, you know. We all, nobody's perfect, we all make mistakes, some of us learn from our mistakes and I hope and pray my son will, you know. He's not getting any younger, he's getting older and he's getting wiser and I hope this will make him open his eyes and realize that the law is the law, and obey the law it's the best thing that he can do. And he also know that his family is behind him and me and my wife and our siblings going to try our best to guide him in the direction that we all want our kids to go. So a second chance will help us help him instead of staying in there wasting time.
>
> That's it, sir.

The circuit court then stated:

> For sentencing I reviewed the Hawai'i [sic] Revised
> Statutes Section 706-606 factors ["to be considered in
> imposing a sentence"], 706-621 factors ["to be considered in
> imposing a term of probation"] and in this particular case
> Chapter 853 ["Criminal Procedure: Deferred Acceptance of
> Guilty Plea, Nolo Contendere Plea"]. What that really
> means, Mr. Wilson, I looked at what happened, the nature of
> the offense, your history and characteristics, and a
> sentence that promotes respect for the law and reflects the
> seriousness of the crimes.
>
> So if we start from the nature of this offense, [the
> State] has highlighted certain things. I'm intimately
> familiar with the nature of this offense because we had a
> motion to suppress the evidence on January 8th, 2019, and I
> also reviewed the presentence report, which also mentions
> some of the things that I already knew about.
>
> What's concerning in this case is there was a prior
> charge in which you were pending, and that was case 17-1729.
> Ultimately, that case was dismissed due to the inability of
> the prosecution to serve the complaining witness.[4]   But
> *this crime was committed while you were pending the other
> case. And, in fact, Count 2 reflects that[,] because
> anybody who is pending a felony case is not to possess a
> firearm.*
>
> *In this case there was not one, but two, attempts to
> rob gaming establishments.* First, the Samoan House, then
> the second place, the Spicy House restaurant, both on
> Farrington [Highway]. *Fortunately for innocent people as
> well as probably yourself is that these attempts to rob
> gaming establishments were thwarted by anonymous callers and
> also the rapid response by the Honolulu Police Department.
> They prevented what could have been an extremely violent
> situation. You were found with a firearm. You were not to
> have possessed firearms at that point.*
>
> This is your first offense and your father asks for a
> second chance. As I mentioned, they've been in this court,
> *it's not your second chance. You were given an opportunity
> for supervised release in this case and a verified applica-
> tion* [for revocation of supervised release] *was filed
> because you violated the terms of your supervised release.
> I heard the same things, I want another chance, I'm going to
> address my drug problems, I'm going to follow all the terms.*
>
> *At the time of your arrest here, there was an out-
> standing bench warrant because you violated your supervised
> release.* There was also talk before about your family
> moving to the Big Island and you getting into the BISAC
> program. That didn't happen.
>
> And I look at all of this, Mr. Wilson, and I cannot
> make the finding pursuant to Chapter 853 you are unlikely to
> engage in further criminality and the ends of justice and
> welfare of society require you to not suffer the penalty
> imposed by law. The prosecution is requesting that you
> serve basically a ten-year jail term. While that position

---

[4]      The robbery case had been dismissed without prejudice on
January 14, 2019.

3

is not far-fetched based on the facts of this case, I am not going to sentence you to an indeterminate term of incarceration.

*In looking at everything, your history and character-istics, the fact that this was committed while you were pending another case, and to reflect the seriousness of the offense which involve[d] firearms which, as I mentioned, could have really caused a lot of harm to other individuals. You didn't get it. You didn't get it throughout the course of this case, maybe you get it now, I'm not convinced by that.*

But I'm also not convinced that [a] ten-year jail term, based on your age, is warranted in this case. You will be placed on probation for a period of four years. You are to follow all conditions of your probation officer, which means being present when your probation officer directs you to be present. You apparently have a drug problem though you've minimized your drug problem. You said you only meth a little bit to the probation officer, but the reports reflect something else.

You are not to the [sic] commit any further crimes. You are not to possess any firearms. You are to notify your PO about any of your changes of address or contact information.

As far as the discretionary conditions of probation, you are to obtain a substance abuse assessment and treatment until clinically discharged. If you really are, indeed, serious about addressing your drug problem, and [sic] you need to complete that program. Also, mental health assessment and treatment if necessary. You will be drug tested randomly, you are not to use drugs. I'll find an inability to pay the various fees associated with this case.

*To reflect the seriousness of this offense, which I find quite serious, a further discretionary condition of probation will be that you serve an 18-month term of incar-ceration.* When you get out of jail you should immediately, within 24 hours, report to the probation department.

Those are the terms and conditions of your probation, Mr. Wilson. You should also be aware that if you violate the terms and conditions of your violation [sic], the prosecution will likely be filing a motion to revoke your probation and a ten-year term of incarceration will probably be well-founded at that point.

So the ball is in your court, you either comply or you'll find yourself, in all likelihood, at the Halawa Correctional Facility.

(footnote and emphasis added).

A "Judgment of Conviction and Probation Sentence" was entered on March 29, 2019. On April 16, 2019, Wilson moved for reduction of his sentence based upon his acceptance into the Hina Mauka Residential Treatment program. The motion was heard on May 14, 2019. Wilson's mother, Freddielynn Wilson, testified:

I just want to say I understand that my son did have that piece. But how is he going to learn anything staying in jail? He did have a drug problem. So now the -- it was an honor that we were able to get him into Hina Mauka. The bed space has been open for over a month for him.

So I believe that if my son is given this chance to go into a program and learn that drugs is not -- you know, he need to learn that he was on -- when he did get into trouble, he was using drugs. So now if he get a chance to go into the program, he may be able to understand that drugs is not the way to live his life. So he may be able to have a chance to clean up and help others, you know. So he can't be staying in jail for the rest of the 18 months and just come out to society and be thrown out. I believe he needs to be in a program to help him to understand the drugs. And he's going to be in residential. Even go day treatment after. I mean, there's program that he need to be in. And I want my son to be by court order to be in a program.

So staying in jail, he's not learning nothing. He's not learning anything. And I visit my son every week. And I just can't see him sitting there learning nothing. So I believe that the program is going to help him. And if he comes out and he mess up, okay. I don't know what else to say. But I'm just saying we all deserve second chances.

In response, the circuit court explained:

When we sentence -- when I sentenced Mr. Wilson on March 29th, I detailed extensively the reasons why I was sentencing Mr. Wilson. And part of those reasons -- and the primary reason was to reflect the seriousness of the conduct.

As [the State] pointed out then, pointed out now, this offense inherently -- because *one of the crimes was possessing a firearm after he was under indictment on another offense.*

I remember from that first case Ms. Wilson was in court. Initially there wasn't a desire to have a supervised release. Then there was [sic] attempts that maybe we're going to move him to the Big Island and get him in BISAC. *I granted a supervised release motion to Mr. Wilson. That motion -- subsequently there was a verified application filed where he was revoked.*

*The circumstances of this offense warranted the sentence. The seriousness of the conduct provided just punishment for this offense.* I think any person who has a significant jail time, perhaps their family members would be saying this is a waste of time, they should be in treatment. And probably they're correct. Maybe it's not good for somebody to be in jail versus being in treatment.

But that type of mindset undermines the seriousness of this offense. And *the reason why Mr. Wilson received the term of probation and 18 months was due to the nature and circumstances of the offense and his history and characteristics of not complying with court orders.*

*There was [sic] multiple opportunities for Mr. Wilson to get into a treatment program before sentencing, which*

> *would have enhanced his position at sentencing. That didn't*
> *happen. The offense was particularly egregious since he was*
> *under indictment for the other offense, and it could have*
> *resulted in an incredibly dangerous situation.*
>
> The reasons that I imposed the sentence originally
> have not changed. And *Mr. Wilson as part of his probation*
> *will be required to get substance abuse assessment and*
> *treatment.* But that's not going to happen at this point.
> The traditional cornerstones of sentencing on retribution
> and deterrence for this conduct in my view is warranted.
> *The prosecution asked for a ten-year jail term, which was*
> *not far[-]fetched in this case based on this conduct.*
>
> I hope you are sincere in your desire to get
> treatment, Mr. Wilson, because you are a young man, you have
> the family back supporting you. And I hope this is a huge
> wake-up call as far as not engaging in criminality and
> addressing whatever problems you have because when you get
> placed out back into the community after you served your
> time, there's going to be some strict requirements.
>
> And if you don't follow those requirements, [the
> State] is going to come in and argue for the ten-year jail
> term. And then I can say, well, he's going to be sitting in
> Halawa, what a waste. And it would be a waste. Because
> you're a young man. You seem to have -- at least from the
> presentence report, you're not an idiot. You're a sharp
> guy. But *using drugs, running around with firearms, and*
> *engaging in activities which really could jeopardize the*
> *lives and -- and public safety of others was why you got the*
> *sentence you did.*
>
> So for all those reasons, the Rule 35 motion is
> denied.

(Emphasis added.) A written order denying the motion was entered
on May 16, 2019.

Wilson did not appeal from the May 16, 2019 order.
Instead, on June 27, 2019, he filed a second motion for reduction
of sentence.[5] The second motion was supported by a one-page
letter signed by Wilson's parents, but offered no new evidence
and made no legal arguments that could not have been made in the
first motion. The second motion was denied with prejudice by
Order entered on July 25, 2019. This appeal followed.

> A trial court has the discretion to, within the time
> limits set forth by HRPP Rule 35, reduce a sentence.
> Therefore, orders on HRPP Rule 35 motions for reduction of
> sentence are reviewed for an abuse of discretion. Factors
> which indicate a plain and manifest abuse of discretion are
> arbitrary or capricious action by the judge and a rigid
> refusal to consider the defendant's contentions. Generally,
> to constitute an abuse it must appear that the court clearly

---

[5] Wilson's second motion for reduction of sentence was filed on the
last day possible under Rule 35 of the Hawai'i Rules of Penal Procedure.

exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Kong, 140 Hawaiʻi 103, 109, 398 P.3d 692, 698 (2017) (cleaned up).

The circuit court did not abuse its discretion by denying Wilson's <u>first</u> motion for reduction of sentence; the circuit court applied the proper law and its decision was supported by substantial evidence in the record. Wilson's <u>second</u> motion for reduction of sentence was in effect a motion for reconsideration of the circuit court's denial of his first motion for reduction of sentence. "[T]he purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have [been] presented during the earlier adjudicated motion." <u>State v. Oughterson</u>, 99 Hawaiʻi 244, 255, 54 P.3d 415, 426 (2002) (citation omitted). Because the circuit court did not abuse its discretion by denying Wilson's first motion for reduction of sentence, and because Wilson's second motion for reduction of sentence presented no new evidence and made no arguments that could not have been made by the first motion, the circuit court did not err by denying Wilson's second motion.

The "Order Denying Defendant's Second HRPP Rule 35 Motion for Reduction of Sentence" entered by the circuit court on July 25, 2019, is affirmed.

DATED: Honolulu, Hawaiʻi, June 16, 2020.

On the briefs:

Loren J. Thomas,
for Plaintiff-Appellee.

Walter J. Rodby,
for Defendant-Appellant.

/s/ Derrick H.M. Chan
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge